# COMPLAINT
(for filers who are prisoners without lawyers)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Eric D. Conner
#420475- WSPF-1101
Morrison Drive, P.O. Box 9900, Boscobel WI
53805

v

Case Number:

(Full name of defendant(s))

Stacy L. Hoem; Scott Rubin-Asch;
Angella Mink; LT. Michael Homsted;
Capt. Dane Esser; LT. Matthew Scullion;
LT. Joseph Dresen; and LT. Craig Tom.

(to be supplied by Clerk of Court)

A  PARTIES

1. Plaintiff is a citizen of __Wisconsin__, and is located at
   (State)
   Wisconsin Secure Program Facility - 1101 Morrison Drive,
   P.O. Box 9900, Boscobel, Wisconsin 53805.
   (Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant __Dr. Stacy L. Hoem__
   (Name)
   is (if a person or private corporation) a citizen of __Wisconsin__
   (State, if known)

Complaint – 1

# United States District Court
# Eastern District Of Wisconsin

Continued:

A. <u>Parties To Action</u>

(3.) - Defendants: <u>All "Eight" defendants</u>: Stacy L. Hoem; Scott Rubin-Asch; Angelia Mink; LT. Michael Hausfeld; Capt. Dane Esser; LT. Matthew Scullion; LT. Joseph Dresen; and LT. Craig Tom, are all DOC employees at the Wisconsin Secure Program Facility (WSPF), and their last known location of employment: WSPF - 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

(4.) - In the events described here, Defendants: <u>Dr. Stacy L. Hoem</u> is a Licensed Psychologist; <u>Dr. Scott Rubin-Asch</u> is a PSU Supervisor; <u>Angelia Mink</u> is a Psychological Associate Staff. All "3" defendants are staff in the PSU department at (WSPF), and were acting in that capacity. 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

(5.) - Defendants: Michael Hausfeld; Matthew Scullion; Joseph Dresen; and Craig Tom, are "Lieutenants" at (WSPF), and in the events described here, were acting in that capacity. 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

(Pg. 1 of 2 Attachments.)

United States District Court
Eastern District OF Wisconsin
Continued:

A.
## Parties To Action

(6.) - Defendant: Dane Esser; is a "Captain" at (WSPF), and was acting in that capacity in the events described here. (WSPF) - 1101 Morrison Dr., P.O. Box 9900, Boscobel, WI 53805.

(7) - All "Eight" defendants are state agents in their roles and positions, and could not have acted or carried out the - Retaliation, Harsh Conditions of Confinement, Various Forms of Deprivations, cruel and unusual punishment, discomfort, distress, and Physical, Mental, and Emotional torture; without that State power. They "all" acted as if they were functioning in Official roles, even though their conduct was motivated by mallicious intentions.

(8) -
## Jurisdiction

1.) - This Court has Jurisdiction under 28 U.S.C. - 1331 and 1313.

2.) This Court has Jurisdiction to grant "declaratory" Judgment.

3.) This Court has Jurisdiction under 42 U.S.C. § 1983 - to grant "Compensatory" and "punitive" damage awards.

x Ervin Carr
420425 R.89 (Page 2 of 2)
Attachment

and (if a person) resides at **Wisconsin Secure Program Facility, 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805**
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for **Wisconsin Secure Program Facility - 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805**
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B   STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

(1) - The Plaintiff, Eric D. Conner, is setting forth various Constitutional Violations under the "Eight Amendment" by the said defendants: Stacy Hoem; Scott Rubin-Asch; Angella Mink; Michael Hansfeld; Dane Esser; Matthew Scullion; Joseph Dresen; and Craig Tom - During Plaintiff's "Clinical Observation Status", from March 20, 2017 to April 20, 2017.

— Reason Items Were Removed —

(2) - On March 20, 2017, The Plaintiff —

(Page 1 of 39)

Complaint - 2

B. Was given a plastic breakfast bag, in which he attempted to suffocate himself while in his observation cell.

(3)- At (or around) 8:00 am, Staff acknowledged what the plaintiff was doing and called for help.

(4)- LT. Tom, alone with other WSPF officers and Dr. Stacy L. Hoem arrived to Plaintiff's Observation cell; witnessing Plaintiff suffocating himself.

(5)- The plaintiff Stop, and gave the plastic bag over to LT. Tom. Plaintiff was then removed from his observation cell, and taken to the Alpha Unit Strip cell.

— Plaintiff's Statement Of Claim —
(Page 2 of 9)

United States District Court
Eastern District Of Wisconsin

B.      Continued:
Statement Of Claim

(6) - Dr. Stacy L. Hoem, Licensed Psychologist came to the strip cell to touch base with the plaintiff about what just occured.

(7) - The plaintiff remained reticent with Dr. Hoem as he has been since his March 3, 2017, Observation placement; uncommunicative.

(8) - Dr. Hoem responded "Fine"! "You don't want to talk to me and haven't since you been on Clinical Observation status, So I'm taking your "Blanket, Washcloth, Soap" until you start communicating with me and other PSU staff members.

(9) - While Plaintiff was still in the strip cell, the items: Blanket, Washcloth, and Soap was removed from his observation cell. These items were not remove due to my self-harm behavior, rather in retaliation to compel plaintiff to start talking with PSU staff.

(10) - Retaliatory Motive: may be inferred from the Chronology of events. Cain v. Lane,

(Page 3 of 5)

United States District Court
Eastern District Of Wisconsin

B. Continued:
## Statement Of Claim

857.F.2d.1139, 1143. n.6. (7th Cir. 1988).

(11) - It should be noted that On March 20, 2017, same day plaintiff tried suffocating himself with plastic bag; It is the same day Dr. Scott Rubin-Asch Started at (WSPF) as the PSU Supervisor.

(12) - Later that 3-20-17, night, the plaintiff Complained to LT. Hansfeld 3rd Shift about how cold the cell was and how cold he was, that he is unable to sleep due to the coldness. LT. Hansfeld acknowledged that he was aware of the Coldness of the observation cells; especially when the temperture drops outside during the winter months. Yet he refused to give plaintiff a blanket and walked away.

(13) - Everyday the Plaintiff Complained from March 20, 2017 to April 20, 2017 to the defendants: LT. Hansfeld; LT. Matthew Scullion; LT. Joseph Dresen; LT. Craig Tom; and Capt. Daune Esser - 1st, 2nd, and 3rd Shift; about not being able to shower, not being able to -

B.
Continued:
## Statement Of Claim

Sleep due to the Coldness Of his cell, and not having a "Security Blanket" to keep warm. As well as not having soap and washcloth to shower.

(14) - "Some Conditions Of Confinement may establish an 8th Amendment violation in combination when each alone could not do so. This is true when the deprivations have a mutually enforcing effect which produces the deprivation of a single, identifiable human need, such as food or warmth, for example, a low cell temperature at night combined with a failure to issue blankets."

(15) - The Plaintiff wrote Dr. Scott Rubin-Asch several times while on Clinical Observation Status through WSPF 2nd and 3rd Shift Officers. The Plaintiff Complained to Dr. Rubin-Asch that he is suffering, unable to sleep, shower, among other things. Yet, Dr. Rubin-Asch Failed to remedy the situation and stop the deprivations on the Plaintiff.

(16) - The attempts the Plaintiff made to Dr Rubin-Asch, was for Rubin-Asch, PSU Supervisor, to act on Dr. Hoem's retaliation plan —

(P.8)

United States District Court
Eastern District Of Wisconsin

B.
Continued:
Statement OF Claim

and issue the Plaintiff, Eric D. Conner, items: Blanket, washcloth, Soap, and dental care back.

(17)- Dr. Rubin-Asch was deliberately indifferent to the Plaintiff's Conditions of Confinement needs, thus further/continued the cruel and unusual punishment, discomfort, deprivations, and retaliation. He showed utter disregard for the plaintiff's needs.

(18)- Defendant: Angelia Mink, does observation rounds and communicates with the unit Sgt, Officers and LT's, Capt's. She was fully aware of the plaintiff deprivations: No shower, No Sleep; due to denial of washcloth, Soap, and blanket, as well as Dental Care items.

(19)- The plaintiff Cannot recall the specific date, rather around the end of March of 2017, after Dr. Hoem removed said items from Plaintiff's Cell. Ms. Mink Came to plaintiff cell to evaluate him, but plaintiff was reticent with her. so She Stated, "I Know its cold in there, Mr. Conner, I can see you Shaking. Why don't you talk to PSU Staff so you can receive your blanket back!"

(Page 6 of 9)

B.
Continued:

## Statement Of Claim

20) - The Plaintiff, again remained reticent with this PSU staff member. Before she walked away from the Plaintiff's cell she stated, "Soon you are going to talk to PSU. You can't stay cold forever."

21) - Because the plaintiff was denied access to dental care Items while on Clinical Observation Status: Segregation Toothbrush, Toothpaste, and or Floss and a Spiffy, since March 3, 2017, to April 20, 2017, the plaintiff developed "2" tooth infections and had to get those "2" teeth extracted on April 28, 2017 - Co payment $7.50.

22) The plaintiff was issued Medication as well to stop further infections and pain through the dentist. The plaintiff complained to Dr Hoem on March 3, 2017, date of observation placement, and thereafter as well to the LTs and Capt. and Dr Rubin-Asch and Angela Mink. They all disregarded the plaintiff's pleas of help and suffering during his Clinical Observation placement.

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(23) All Eight (8th) defendants named in this Civil Suit was aware of how extremely Cold the Observation cells are during the Months Of March and April, due to other Inmates on Clinical Observation Status Complaing to them over the years on how Cold it is.

(24) All Eight (8th) defendants named in this Civil Suit was aware that the plaintiff Couldn't Sleep, Cold, and unable to Shower due to the Items Dr. Hoem removed in retaliation from the plaintiff's Cell. The plaintiff Informed these defendants that he was Suffering and these defendants walked pass or to Plaintiff's Observation cell Seeing that he was Shaking, unable to Sleep, Constantly walking, and even smell how bad he smelt through his Observation cell door.

(25) The plaintiff Is Seeking "Monetary Damages" from the defendants violating various Constitutional rights under the 8th Amendment while the plaintiff was on Clinical Observation Status.

(Page 8 of 9)

United States District Court
Eastern District Of Wisconsin

B. Continued:
## Statement Of Claim

(26) - The delay in providing medical treatment is actionable under Williams v. Liefer, et al., 491 F.3d 710, 715-16 (7th Cir. 2007)

(27) - Mental And Emotional Injury Under 42 U.S.C. 1997e(e)

Due to the physical injury, and the defendants deliberate indifference to it, and the extreme harsh conditions of confinement, Conner suffered Mental and Emotional Pain and suffering as a result.

## Sworn Civil Complaint

I, Eric D. Conner, hereby declare under Penalty of perjury Statute, 28 U.S.C. 1746, that the testimony made in this complaint is true and correct and based on my personal knowledge and experience and made voluntarily and my signature below verifies this testimony.

Eric D. Conner # 420475          Dated: 10-10-17
WSPF - P.O. Box 9900 - Boscobel, WI 53805

(Page 9 of 9)

C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.
    OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D. RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

1.) :Declaratory Judgments: - declaring and clarifying that the practices, customs, and tactics involved in this official misconduct as unconstitutional and unethical.

2.) :Appoint Of Counsel: - because Doc officials refuse to provide relevant discovery involving these type of cases, counsel will be necessary to ascertain facts and documents the defendants will claim to be protected as a result of plaintiff's status as a prisoner.

( Page 1 of 2 )

# United States District Court
# Eastern District Of Wisconsin
## Continued Relief:

D.

(3) - Plaintiff, Conner request a Compensatory award in the amount of $250,000 dollars.

(4) - Plaintiff Conner request a punitive award in the amount of $500,000 dollars.

(5) - Plaintiff Conner request a Nominal award in the amount of $20,000 dollars.

(6) - Plaintiff Conner request "Injunctive Relief" as well. - Plaintiff request that the harsh clinical observation conditions of confinement be revised. That the observation cell temperature be appropriate and not cause discomfort, distress, or any form of deprivations; like sleep.

(7) That clinical observation inmates be allowed to have access to dental care items and a regular soft mattress instead of a piece of hard rubber to sleep on. This is all. Thank You!

X _[signature]_  Dated: 10-10-17

Eric D. Conner
#420475 - Pro Se
Litigant (Page 1 of 2)

E.  **JURY DEMAND**

I want a jury to hear my case.

☒ – YES          ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __10__ day of __October__ 20__17__.

Respectfully Submitted,

_/s/ E. Ca___
Signature of Plaintiff

__420475__
Plaintiff's Prisoner ID Number

__Wisconsin Secure Program Facility – 1101 Morrison__
__Drive, P.O. Box 9900, Boscobel, WI 53805__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE**

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5